# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**WHITNEY INFORMATION NETWORK, INC. and WHITNEY EDUCATION GROUP, INC.,**

                **Plaintiffs,**

-vs-                                          Case No.  2:03-cv-640-FtM-29DNF

**ROBERT BLAGMAN, BLAGMAN-CENTURY MEDIA, BLAGMAN MEDIA, BLAGMAN MEDIA INTERNATIONAL, INC.,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This is an action for breach of contract, breach of implied contract, fraud, and conspiracy.  Plaintiff Whitney Information Network, Inc. and Whitney Education Group, Inc. ("Plaintiffs") allege that they contracted with Defendants Robert Blagman, Blagman-Century Media, Blagman Media, and Blagman Media International, Inc. ("Defendants") for the purpose of placing Plaintiffs' infomercials with television stations throughout the United States, including Florida.  Plaintiffs pre-paid Defendants for advertising and media placement of Plaintiffs' infomercials.  Plaintiffs claim that Defendants have failed to pay several television stations for placement of Plaintiffs' infomercials.  The failure of payment caused the televisions stations not to air Plaintiffs' infomercials causing damage to Plaintiffs.

      On January 4, 2005, Plaintiffs propounded Interrogatories and Request for Production on Defendants.  Defendants failed to respond.  On March 11, 2005, Plaintiffs' filed their First Motion to

Compel Defendants' Answers to Plaintiffs' Discovery Requests and Motion for Sanctions (Doc. 56). Defendants did not respond to that Motion. On April 4, 2005, the Court entered an Order (Doc. 60) which granted the Motion to Compel and denied the Motion for Sanctions. The Court ordered Defendants to respond to outstanding discovery on or before April 25, 2005, and cautioned Defendants that if they did not comply with the Court's Order, then upon Motion by Plaintiffs, the Court would consider sanctions. On May 20, 2005, Plaintiffs filed their Second Motion for Compel Defendants' Answers to Plaintiffs' Discovery Requests and Motion for Sanctions. (Doc. 68). Again, Defendants failed to respond to this Motion.

On June 16, 2005, the Court entered an Order to Show Cause (Doc. 69) allowing Defendants eleven (11) days from the date of the Order to show cause why sanctions should not be entered against them for failing to properly respond to discovery and failing to comply with this Court's prior Order. No response was filed by Defendants to the Order to Show Cause.

Under Rule 37(b), Fed.R.Civ.P., the Court may fashion sanctions for failure to obey an order to provide or permit discovery. In addition to an award of reasonable expenses, the sanctions that are permitted under Rule 37(b)(2)(C), are as follows:

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

Under Rule 37, the Court has broad discretion in awarding sanctions. <u>BankAtlantic v. Blythe Eastman Paine Webber, Inc.</u>, 12 F.3d 1045, 1048 (11th Cir. 1994). However, the Court's discretion in awarding sanctions is not "unbridled". <u>Wouters v. Martin County, Florida</u>, 9 F.3d 924, 933 (11th Cir. 1993). Permitted sanctions under Rule 37 are intended to "1) compensate the court and other parties for the

added expense caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." (citations omitted) Id.

The severe sanction of default judgment is to be used only "as a last resort and when less drastic sanctions would not be able to ensure a party's compliance with the court's order." Sussman v. Salem, Saxon and Nielsen, P.A., 154 F.R.D. 294 (M.D. Fl. 1994) "A party's simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." Id. at 298. "Default is a draconian measure that should be used only in exceptional cases." Id. at 299.

In the instant case, Plaintiffs filed a Motion to Compel. Defendants failed to respond to it and the Court granted the Motion, giving Defendants a deadline of April 25, 2005, in which to provide the discovery. Plaintiffs filed a Second Motion to Compel, and again the Defendants failed to respond to it. The Court entered an Order to Show Cause as to why sanctions, including a default, should not be entered against Defendants, and again they failed to respond. On July 1, 2005, Plaintiffs filed the Agreed Motion to Continue Discovery and Pretrial Deadlines (Doc. 70), requesting that the deadlines in the case be continued due in part to Defendants' failure to provide appropriate discovery responses. This case is not progressing, and the Court will not continue the deadlines again due to the failure of Defendants to respond to discovery and to this Court's orders.

**IT IS HEREBY RESPECTFULLY RECOMMENDED:**

1) The Second Motion to Compel Defendants' Answers to Plaintiffs' Discovery Requests and Motion for Sanctions (Doc. 68) filed May 20, 2005, be granted and a default should be entered against Defendants for failing to provide discovery, for failing to respond to motion, and for failing to comply with this Court's Orders (Doc. 60 entered March 4, 2005; and Doc. 69, entered on June 16, 2005).

2) The Agreed Motion to Continue Discovery and Pretrial Deadlines be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  11th   July, 2005.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record