UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WHITNEY INFORMATION NETWORK, INC.
and WHITNEY EDUCATION GROUP, INC.,

    Plaintiffs,

vs.                       Case No. 2:03-cv-640-FtM-29DNF

ROBERT BLAGMAN, BLAGMAN-CENTURY MEDIA, BLAGMAN MEDIA, BLAGMAN MEDIA INTERNATIONAL, INC.,

    Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on defendants' Motion to Set Aside Entry of Default and to Allow Tardy Filing of Objections to Magistrate's Report and Recommendation (Doc. #75), filed on September 6, 2005. The Certificate of Attempted Resolution (Doc. #78) indicates that the motion is opposed.

**I.**

    Under Fed. R. Civ. P. 55(c), the Court may set aside a default for good cause shown. The standard for setting aside a default is less stringent than the excusable neglect standard applicable to setting aside a default judgment. See E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990). "Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether

the defaulting party presents a meritorious defense." <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996). Other factors are whether the public interest is implicated and whether the defaulting party acted promptly to correct the default. <u>Id.</u>

**II.**

The Complaint (Doc. #1) was originally filed on November 20, 2003. Finding no responsive pleading, plaintiffs moved for and were granted a Clerk's Entry of Default on January 27, 2004. (<u>See</u> Docs. #12, #13). On February 2, 2004, plaintiffs filed a Motion for Entry of Final Default Judgment by the Court as to Liability and Notice to Set Cause for Jury Trial as to Issue of Damages (Doc. #14). Trial was set for March 29, 2004. On March 16, 2004, a Notice of Appearance (Doc. #16) was filed on behalf of defendants, and counsel filed a Motion to Set Aside Default Judgment as to Liability (Doc. #17). The trial was continued, the default was vacated and set aside, and defendants were provided an opportunity to respond to the Complaint.

On May 18, 2004, defendants filed a Motion to Dismiss (Doc. #31), Motion to Strike (Doc. #33) and Motion for More Definite Statement (Doc. #35). Plaintiffs filed an Amended Complaint (Doc. #47) on June 28, 2004, and defendants filed an Answer (Doc. #51) on August 12, 2004. The discovery deadline was established in the Case Management and Scheduling Order (Doc. #46) to expire on February 7, 2005.

On March 11, 2005, plaintiffs filed a their first Motion to Compel (Doc. #56). On April 4, 2005, finding no response to the motion, the Court granted the motion and compelled defendants to respond to outstanding discovery on or before April 25, 2005. The Motion for Sanctions was denied at that time. (See Doc. #60). On May 20, 2005, plaintiffs filed a second Motion to Compel and Motion for Sanctions (Doc. #68) having received no response to the first set of interrogatories or first request for production. On June 16, 2005, the Court issued an Order to Show Cause (Doc. #69) directing defendants to show cause why sanctions should not be imposed for failure to respond and for failure to comply with the Court's Order. No response was filed. On July 11, 2005, the Magistrate Judge issued a Report and Recommendation (Doc. #72) recommending that the second Motion to Compel be granted, a default be entered against defendants, and that the Agreed Motion to Continue Discovery and Pretrial Deadlines be denied. The undersigned accepted and adopted the Report and Recommendation by Opinion and Order (Doc. #73) on August 2, 2005, and the Clerk's Entry of Default (Doc. #74) was made the same day. More than a month later, defendants filed their request to set aside the default. The merits of that request are now before the Court.

**III.**

Counsel for defendants argues that good cause exists for setting aside the default as well as excusable neglect for the

filing of late objections to the Report and Recommendation. Counsel argues that he received the "docket text summary of the Order to Show Cause" on June 16, 2005, but that he did not receive the full text of the Order to Show Cause (Doc. #69) until August 23, 2005. Counsel, Michael C. Tice, assumed that he was not required to respond until he had the full copy, although he acknowledges that he knew that a response was due in eleven days, and knew that he could have and should have checked the Court file and did not. Mr. Tice asserts that the same argument regarding the Report and Recommendation.

Mr. Tice established an account for electronic filing and was issued a login and password on June 11, 2004. Mr. Tice is thereby registered with the Case Management and Electronic Case Filing (CM/ECF) system used by the Middle District of Florida. As such, Mr. Tice receives notice of all filings electronically only and is not issued paper copies. It would appear that perhaps Mr. Tice did not open the attachment to the "docket text summary" to view the Orders as is required to view the actual document; no problems occurred during transmission of the electronic notification. (See Doc. #77, ¶¶ 4, 8). While counsel states that he "obviously should have gone to the courthouse and read the full text of the order as contained in the Court file. The Federal Courthouse is only few blocks from [his] office, and [he] could have easily accomplished

that" (Doc. #77, ¶ 7), that is completely unnecessary under the CM/ECF system.[1]

With some reluctance, the Court finds that under the <u>Compania Interamericana</u> standard the default will be set aside upon satisfaction of certain conditions. The Court will impose sanctions upon counsel for the unnecessary work he has created.

Accordingly, it is now

**ORDERED**:

1. Defendants' Motion to Set Aside Entry of Default and to Allow Tardy Filing of Objections to Magistrate's Report and Recommendation (Doc. #75) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. The request to set aside the default is taken under advisement pending payment of attorney fees and costs as set forth below.

    b. The request to file late objections is **denied** as moot.

2. Counsel for defendants shall pay within **TWENTY (20) DAYS** of the date of this Opinion and Order the costs and attorney fees associated with plaintiffs' two motions to compel and extensions of the discovery deadline for failure to comply with the motions to compel. If the parties cannot agree to an appropriate amount

---

[1] If counsel requires additional CM/ECF training, he may contact the Clerk's Office to receive additional training or information on how to open the electronic notices. Also, counsel may consider providing additional alternative e-mail addresses to ensure that he does receive notice.

without Court intervention, the Court will consider a motion on the issue. Plaintiffs shall notify the Court in writing when the costs and attorneys fees have been paid.

3. Defendants shall comply with all discovery requests as previously ordered by the Court within **TWENTY (20) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of September, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of record
DCCD